IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ALBERT MARTINEZ,

    Plaintiff,

v.                                                                                               Civ No. 10-41 LH/GBW

RICHARD G. THARP,
DUSTY WOLFIN BARGER DODGE,
STATE OF NEW MEXICO, NEW MEXICO STATE POLICE,
COSME DAVILA, Individually
and in his Official Capacity,
EDGAR VEGA, Individually
and in his Official Capacity,
BOARD OF COUNTY COMMISSIONERS
OF DONA ANA COUNTY,
DONA ANA COUNTY,
DONA ANA COUNTY DETENTION CENTER,
UNKNOWN JAILERS AND TRANSPORT OFFICERS,
Individually and in their Official Capacities,
UNKNOWN JOHN AND JANE DOES,
Individually and in their Official Capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants State of New Mexico *ex rel* Department of Public Safety, New Mexico State Police, Devila and Vega's ("State Police Defendants") Amended Motion to Dismiss for Insufficient Service of Process and Failure to Prosecute (Doc. 34), filed February 16, 2011.[1] The Court, having considered the motion, the briefs of the parties, and the applicable law, and otherwise being fully advised, finds that Plaintiff has not yet properly served the New Mexico State Police and that State Police Defendants' motion **will be granted** if Plaintiff fails to perfect such service **within ten days** of

---

[1] The filing of the amended motion to dismiss by State Police Defendants on February 16, 2011 rendered the previously-filed motion to dismiss (Doc. 32) moot.

this Memorandum Opinion and Order.

## BACKGROUND

On November 13, 2009, Plaintiff filed his Complaint in the Third Judicial District Court, Dona Ana County, Las Cruces, New Mexico (Doc. 1, Ex. 1). According to representations of counsel, Officers Davila and Vega were served with the Complaint on December 8, 2009, while the matter was still pending in State Court. On January 6, 2010, Defendants Davila and Vega removed the matter to the United States District Court for the District of New Mexico, resulting in the opening of case number 10cv14 MV/WPL (*see Martinez v. Tharp*, 10cv14 MV/WPL (D.N.M. 2010)) (Doc. 1). On January 15, 2010, the Dona Ana County Defendants, having also been served while the matter was pending in State Court, removed the case to the United States District Court for the District of New Mexico, resulting in the present matter, case number 10cv41 LH/GBW. Apparently, because no returns of service had been filed by Plaintiff in State Court, the Dona Ana County Defendants were not aware that Officers Davila and Vega had been served and visa versa, resulting in two separate notices of removal and ultimately two cases in Federal Court. After discussions between counsel for the parties and the Federal Court's Clerk's Office, Officers Davila and Vega and Plaintiff filed a Stipulation of Dismissal in case number 10cv14 MV/WPL (Martinez, 10cv14 MV/WPL) (Doc. 5), allowing the dispute to proceed in the above-captioned matter.

At the time the matter was removed to this Court, the New Mexico State Police had not yet been served.[2] Counsel for the State Police Defendants entered an agreement with Plaintiff's

---

[2] Although typically co-Defendants must join in a notice of removal, defendants who have not been served need not join. *See Kiro v. Moore*, 03cv1223 JB/ACT, at 4 (D.N.M. April 28, 2005). As such, the removal of the matter without the consent of unserved defendants was appropriate.

counsel that the time for filing a responsive pleading would be extended until the New Mexico State Police was served, in order to avoid duplicative pleadings. (Doc. 34, Ex. B.)

On May 26, 2010, Magistrate Judge Karen B. Molzen entered an Order to Show Cause, directing Plaintiff to either complete service on the remaining defendants or to provide a written explanation for his failure to complete service by June 9, 2010 (Doc. 11.) Plaintiff Responded on June 9, 2010, suggesting that the only act remaining to complete service on the State Police Defendants was to serve the Attorney General. (Doc. 12.) Plaintiff requested leave to immediately effect such service. (*Id.*)

The next day, on June 10, 2011, counsel for the State Police Defendants sent a letter to Plaintiff's counsel explaining that, in addition to serving the Attorney General, Plaintiff was also required to serve the Department of Public Safety through its authorized representative, the Secretary of the Department of Public Safety. (Doc. 34, Ex. C.)

On June 11, 2010, counsel for Plaintiff attempted service upon the Attorney General's Office, via Federal Express, including an Acceptance of Service form. According to Plaintiff, the Attorney General's Office drafted their own "Waiver of Service of Summons," signing it and indicating the waiver of service on June 24, 2010. The "Waiver of Service of Summons," attached as an exhibit to Plaintiff's Response, was addressed to the Attorney General of the State of New Mexico and signed by Richard Russell. (Doc. 35, Ex. C-5.) The language of the form indicates that neither Mr. Russell nor "the entity on whose behalf [he was] acting" would require service in the manner provided by Rule 4. (*Id.*)

Upon learning that Plaintiff intended to substitute new counsel, State Police Defendants' counsel notified Plaintiff's new attorney, Nathan Gonzales, by letter on January 6, 2011, that service had not yet been properly effected on the New Mexico State Police. (Doc. 34, Ex. D.)

Once again, State Police Defendants' counsel informed Plaintiff's counsel that "the Department of Public Safety has never been served through its executive officer, the Secretary of the Department of Public Safety. We are not authorized by our clients to waive this service or accept service on behalf of the Department."  (Doc. 34, Ex. D.)

Still, Plaintiff did not serve the New Mexico State Police through the Secretary of the Department of Public Safety. He now maintains, in his response to State Police Defendant's motion to dismiss, that the Attorney General's waiver of service on June 24, 2010, was effective service as to the New Mexico State Police pursuant to Fed. R. Civ. P. 4(d). The principal question before the Court, then, is whether the Attorney General's "Waiver of Service of Summons" has obviated the need for Plaintiff to serve the Secretary of the Department of Public Safety.

## DISCUSSION

State Police Defendants seek dismissal of Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of process or, alternatively, pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

### Rule 12(b)(5)

With regard to their 12(b)(5) motion, State Police Defendants argue that Plaintiff has failed to comply with Fed. R. Civ. P. 4(j)(2), which requires that state governmental entities be served by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law."  Fed. R. Civ. P. 4(j)(2). Under New Mexico law, service on any department of the state is made by delivering

a copy of the process "to the head of the . . . department . . . *and* to the attorney general."[3] NMRA Rule 1-004(H)(1)(b) (emphasis added).

Upon removal, the Federal Rules of Civil Procedure, including those governing proper service, applied. *See* Fed. R. Civ. P. 81(c) (the Federal Rules of Civil Procedure "apply to civil actions removed to the United States District Court from the state courts and govern procedure after removal"). In the context of removal cases, federal courts have allowed plaintiffs 120 days from the date of removal within which to serve defendants. *See, e.g., Ibarra v. City of Clovis*, 04cv1253 WJ/WDS, at 4 (D.N.M. Dec. 14, 2005); *see also Bruly v. Lincoln Property Co., N.C., Inc.*, 140 F.R.D. 452, 454 (D. Colo. 1994). This matter having been removed to Federal Court on January 15, 2010 at the latest, Plaintiff had until May 15, 2010, to serve defendants.

Plaintiff having failed to effect service upon some defendants within 120 days from removal, Judge Molzen entered an Order to Show Cause on May 26, 2010, directing Plaintiff to either complete service on the remaining defendants or to provide a written explanation for his failure to do so by June 9, 2010. Plaintiff responded, suggesting that the only act remaining to complete service on the State Police Defendants was to serve the Attorney General, which he claimed he would do immediately. Thereafter, Plaintiff attempted service upon the Attorney General's office, and received back the signed "Waiver of Service of Summons," which Plaintiff

---

[3] While Rule 1-004(H)(b) describes *who* should be served with process in an action against a State agency, bureau, department, commission, or institution, Rule 1-004(H)(e) describes *how* service should be made. It provides that service of process upon the attorney general may be made either by serving a copy of the process upon the attorney general or upon his receptionist. NMRA Rule 1-004(H)(e); *see also Ysais v. New Mexico*, 616 F. Supp. 2d 1176, 1194 (D.N.M. 2009) (concluding that, to serve the governor under Rule 1-004(H)(1)(e), a plaintiff must serve the governor or his receptionist). Additionally, Rule 1-004(H)(e) provides that service of process upon an agency, bureau, department, commission, or institution may be made either by serving a copy of the process to the chief operating officer of the entity or to the receptionist of the state officer. NMRA Rule 1-004(H)(e). The Rule specifies that "[a] cabinet secretary . . . shall be considered as the chief operating officer." *Id.* As such, to satisfy New Mexico law governing *how* regarding service of process is effected, Plaintiff must serve the attorney general, by serving either him or his receptionist, and the Secretary of the Department of Public Safet, by serving either him or his receptionist.

argues "completes the service of process . . . upon State Police Defendants." (Doc. 35, at 4.) Once again, the "Waiver of Service of Summons" purports to waive service on "the entity on whose behalf" the signatory, Mr. Russell, was acting. (Doc. 35, Ex. C-3.) Thus, Plaintiff maintains that service was effected on the State Police Defendants pursuant to Rule 4(d).

Rule 4(d)(1) provides that "[a]n individual, corporation or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Service upon state governmental entities, however, is governed by Rule 4(j), which is omitted from those rules enumerated in Rule 4(d)(1). According to the Advisory Committee Notes to the 1993 Amendment, which added the waiver provision, "The United States is not expected to waive service . . . [t]he same principle is applied to . . . other governments and entities subject to service under subdivision (j). . . . [T]here are policy reasons why governmental entitles should not be confronted with the potential for bearing costs of service." Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendments. More directly, according to the Tenth Circuit, "[t]he government cannot waive service of process." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010).

Even if the State or its departments could waive service, Plaintiff has not provided any authority to suggest that the Attorney General's office can waive service for a distinct government entity, such as the New Mexico State Police or the Department of Public Safety. Nor does Rule 4(j) suggest that effective service upon the Attorney General's office somehow suffices, under either federal or state law, as effective service upon the New Mexico State Police. Rather, Rule 4(j) requires service upon the defendant-organization's chief executive officer or,

6

under Rule 1-004(H)(1)(b) NMRA, upon both the head of the department *and* the Attorney General.

The New Mexico State Police is a division of the Department of Public Safety.  *See* NMSA 1978 § 9-19-9.  Thus, if Plaintiff attempts service under New Mexico law, he must do so by delivering process to the head of the department – in this case, the Secretary of the Department of Public Safety (hereinafter "the Secretary") – *and* to the Attorney General.  *See* Rule 1-004(H)(1)(b).  Likewise, if Plaintiff attempts service in accordance with Rule 4(j)(A), he must do so by delivering process to the chief executive officer – that is, the Secretary.  *See* NMSA 1978, § § 9-19-6, 9-19-7.  As such, Plaintiff cannot escape the necessity of serving the Secretary, whether effecting service under Rule 4(j)(2)(A) or 4(j)(2)(B).

Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Here, more than 120 days has passedfrom the time of removal, and Plaintiff has not yet served process on the Secretary, and has only managed to elicit a "Waiver of Service of Summons" from the Attorney General's office.  Plaintiff's attempts at service on the State Police Defendants are insufficient.  Nevertheless, a court should generally allow a plaintiff an opportunity to re-serve a defendant if the insufficient service of process is curable.  *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991).

Because the Rules of Civil Procedure, both federal and state, are not entirely intuitive and straightforward regarding the manner of service in this instance, because the State Police Defendants have notice of the action against them, and because the "Waiver of Service of Summons" provided by the Attorney General's Office has resulted in additional confusion, the Court concludes that affording Plaintiff additional time for service is warranted.  Accordingly,

the Court will allow Plaintiff ten days to properly effect service upon the New Mexico State Police, either by serving the Secretary alone, in accordance with Fed. R. Civ. P. 4(j), or by serving both the Secretary *and* the New Mexico Attorney General, in accordance with NMRA Rule 1-004(H).

### Rule 41(b)

State Police Defendants argue, alternatively, that Plaintiff's claims against them should be dismissed under Rule 41(b) for failure to prosecute. The Court concludes that such a dismissal is not warranted at this time. According to Plaintiff, he would be up against an expired statute of limitations period if the claims against State Police Defendants were dismissed. More importantly, Plaintiff has not wholly abandoned litigation in this matter. He has responded to the Court's Order to Show Cause, has attempted service on the State Police Defendants, albeit improperly, and has filed a Response to the State Police Defendants' Motion to Dismiss, maintaining that service has been effected. At the same time, Plaintiff's failure to properly serve the New Mexico State Police, despite repeated reminders from opposing counsel, has placed this case in a protracted holding pattern, with the matter having been on the Court's docket for over a year without effective service upon the New Mexico State Police. Should Plaintiff now fail to properly effect service within ten days, the Court will dismiss the action against the State Police Defendants.

**IT IS THEREFORE ORDERED** that the Court will grant State Police Defendant's Motion to Dismiss, dismissing the New Mexico State Police without prejudice, if Plaintiff does not properly effect service within **ten days** of the entry of this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE