IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBERT MARTINEZ,

    Plaintiff,

v.                                                                 No. CV 10-41 LH/GBW

ROLAND G. THARP, et al.,

    Defendants.

## ORDER IMPOSING SANCTIONS

THIS MATTER is before the Court following a series of orders to show cause as to Plaintiff and counsel for County Defendants.[1] *See docs. 54, 57, 62, 63, 64, 71, 76.* Having heard from these parties at a show cause hearing, the Court finds that certain sanctions are appropriate and will be ordered. *See doc 77.*

"The Federal Rules of Civil Procedure authorize sanctions . . . for failing to appear at a pretrial or scheduling conference . . . and for failing to comply with court rules or any order of the court." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing Fed. R. Civ. P. 16(f), 37(b)(2)(C), 41(b)). Specifically, pursuant to Federal Rule of Civil Procedure 16, "the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences . . . ." Fed. R. Civ. P. 16(a). Where a party

---

[1] "County Defendants" refers to Defendants Board of County Commissioners of Dona Ana County, Dona Ana County Detention Center, Unknown Jailors and Transport Officers, and Does 1-50. All of said defendants are represented by Mr. John Caldwell.

fails to appear or to abide by court orders, the court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) . . . ." *Id.* 16(f)(1)(A).

<u>*Sanctions as to Plaintiff*</u>

Plaintiff has been subject to four separate orders to show cause. *See docs. 11, 54, 57, 62.* Those orders detail several failures of Plaintiff to appear at pretrial conferences and comply with other court orders. The Court finds that Plaintiff has failed to provide sufficient justification for those failures. *See docs. 65, 77.* Therefore, the Court will order Plaintiff to pay the costs incurred by counsel for Defendant Tharp and by counsel for Defendants Davila and Vega due to Plaintiff's failures.

In a previous show cause hearing, the Court directed counsel for defendants to submit affidavits identifying expenditures made for proceedings Plaintiff failed to attend. The Court has reviewed the affidavits and finds that the hourly rates contained therein are reasonable. The Court will, however, adjust the requested hours sought based on time spent in court by Defendant Tharp's counsel to mirror the hours of Defendants Davila and Vega's counsel.[2]

---

[2] The Court's review of the affidavits revealed a 1.4 hour disparity in Defendant Tharp's affidavits for time spent in assorted hearings vis-à-vis Defendants Davila and Vega. The Court's review of its own docket leads it to find that the hours noted by counsel for Defendants Davila and Vega more properly match the actual time in court. Defendant Tharp's counsel's larger numbers for time spent in hearings may be intended to account for time devoted to non-conference matters such as pleading review and drafting of documents because these items are not found elsewhere in his affidavit. However, given the lack of clarity on this point and the fact that it is counsel's responsibility to detail time spent when applying for sanctions, the Court must reduce the amount claimed by Defendant Tharp's counsel. Moreover, counsel's own unclean hands due to his untimely appearance at the most recent hearing, (*doc. 77*), would likewise afford a basis for the reduction of hours.

Specifically, the Court finds that counsel for Defendants Davila and Vega has devoted 7.3 hours of work to matters that were impacted by Plaintiff's failures. The rate charged by counsel on those hours was $120.00. Thus, the Court will order Plaintiff to pay Defendants Davila and Vegas' counsel the sum of $942.25 – the cost of hours plus gross receipts tax. Likewise, the Court finds that counsel for Defendant Tharp has identified 2.8 hours of work[3] at an hourly rate of $165.00. Thus, the Court will order Plaintiff to pay Defendant Tharp's counsel the sum of $494.34 – the cost of hours plus gross receipts tax.

At the most recent show cause hearing, Plaintiff asked to be permitted to pay the sanctions over a three month period. That request will be granted. Plaintiff shall pay the sanctions above in equal shares over a three month span. The first payment will be due June 1, 2012 and subsequent payments will be made on July 2, 2012, and August 1, 2012. If, however, Plaintiff dismisses Defendants Richard Tharp, Cosme Davila, and Edgar Vega, then any sanction payments remaining at the time of dismissal shall be forgiven.

*Sanctions as to County Defendants' Counsel*

Counsel for County Defendants was ordered to show cause why he should not be sanctioned for failing to appear at three separate hearings in this matter. *See doc. 71*. The Court finds that counsel has failed to provide sufficient justification for those

---

[3] *See supra* note 2.

failures and sanctions are appropriate.  *See docs. 65, 77*.  First, the Court will not order Plaintiff to pay the costs of County Defendants' counsel as submitted in *doc. 68*.  Second, counsel will personally pay $100 for each of his three failures to appear for a total of $300.  This sanction shall be paid to the Clerk of Court no later than June 12, 2012.

Wherefore, IT IS HEREBY ORDERED that Plaintiff shall pay sanctions in the amount of $942.25 to the Sandenaw Law Firm, P.C.  Such payment shall be made in three, equal payments due on June 1, July 2, and August 1 of this year.  Should the parties represented by the Sandenaw Law Firm be dismissed by Plaintiff, any remaining sanction payments will be forgiven.

IT IS FURTHER ORDERED that Plaintiff shall pay sanctions in the amount of $494.34 to the Archibeque Law Firm, LLC.  Such payment shall be made in three, equal payments due on June 1, July 2, and August 1 of this year.  Should the parties represented by the Archibeque Law Firm be dismissed by Plaintiff, any remaining sanction payments will be forgiven.

IT IS FURTHER ORDERED that John Caldwell shall pay $300 to the Clerk of Court no later than June 12, 2012.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE